JOHN G. FELLERS *et al.*

*v.*

WILLIAM RAINEY, JR. *et al.*

1. BILL OF REVIEW—*does not lie on finding of court.* A bill of review can not be sustained on the ground that the court decided wrong on a question of fact, nor for wrong inferences of the court on matters of evidence, nor on the ground that the decree which is attacked was not warranted by the evidence.

2. FRAUD—*in procuring decree.* Where defendants are induced to enter their appearance in a suit in chancery to save the cost of service, and have ample opportunity to contest the equities claimed, and nothing is done to prevent their defending, the decree can not be impeached for fraud.

WRIT OF ERROR to the Circuit Court of Jefferson county; the Hon. TAZEWELL B. TANNER, Judge, presiding.

Mr. JAMES M. DILL, Messrs. CASEY & WILSON, and Messrs. WILDERMAN & HAMILL, for the plaintiffs in error.

Messrs. W. & E. L. STOKER, and Mr. W. RAINEY, for the defendants in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The proceedings set forth in this record were commenced on the equity side of the circuit court of St. Clair county, by

Emeline Fellers, and John C. Fellers, her husband, complainants, and against William Rainey, junior, and others, respondents, the scope of which was, to set aside a certain decree of that court, passed in favor of William Rainey, Jr., in a cause wherein said Rainey was complainant, and his co-respondents here, together with the complainant Emeline Fellers, were defendants, on the allegation of fraud on the part of William Rainey, Jr., in obtaining the decree.

All the parties claim to be heirs at law of one Isaac Rainey, deceased, who died on the 26th of February, 1871, intestate, and possessed of both real and personal estate.

The object of the bill exhibited by William Rainey, Jr., the decree on which is sought to be set aside by these proceedings, was, to enable him to participate in the estate of his grandfather, Isaac Rainey; the bill alleging that all the other heirs had received advancements from the intestate, Isaac Rainey, alleging a refusal on their part to give any account of their advancements, and praying that they be compelled to bring their advancements into *hotchpot*, or on failure to do so, the residue of the estate of said Isaac Rainey may be decreed to complainant and his brother, Jefferson Rainey, Jr.

To this bill of complaint, the defendants, including the complainants in this proceeding, subscribed this writing, after entitling the cause and nature of the suit, as follows:

"We do hereby enter our appearance in the above entitled cause, waive all process of summons, and pray a speedy hearing and adjudication of this cause; this 7th day of February, 1872."

At the return term a rule was taken against the defendants to answer, and on failure their default was entered.

An answer was put in by the guardian *ad litem* of the minor defendant, Jefferson Rainey, Jr., who was really a party in interest with the complainant.

A decree *pro confesso* was entered against the adult defendants, and the residue of the estate of Isaac Rainey, deceased, was adjudged to be vested in the complainants, William Rainey, Jr., and Jefferson Rainey, Jr.

Emeline Fellers, with her husband, John G. Fellers, exhibited their bill in chancery in the St. Clair circuit court, at the February term, 1873, to set aside this decree for fraud practiced by William Rainey, Jr., the complainant, in obtaining the same.

The cause was transferred to the Jefferson county circuit court, in which, on a general demurrer interposed by the defendants, the bill was dismissed.

To reverse this decree the record is brought here by writ of error.

It would seem the fraud relied on by plaintiffs in error, consists in certain letters written by William Rainey, Jr., the complainant in the original proceedings, to induce the defendants in that bill, among them the plaintiffs in error, to enter their appearance to his suit without issuing summons against them, assuring them that their rights would not be prejudiced thereby, and there would be a saving of costs, and that there was no trickery about it at all. The first letter is dated Nashville, February 17, 1872, and addressed to his uncle, William Rainey, senior, as is the second also, bearing date February 25, 1872. In neither of those letters can we perceive any indications of fraud of any kind. On the contrary, there is an expression of a desire only that the parties in interest should have ample notice of the suit, and an opportunity afforded them to defend against it, if they deemed it proper so to do. None of the defendants were willing to defend the suit and contest the equities set up by complainants, and they all acquiesced in the decree except Mrs. Fellers, who had ample opportunity to contest the claim of complainants. A rule was regularly taken against her to answer, which she failed to do, and she must be concluded by the *pro confesso* decree.

It is well settled, a bill of review can not be sustained on the ground that the court decided wrong on a question of fact, nor for wrong inferences of the court on matters of evidence, nor on the ground that the decree, which is attacked, was not warranted by the evidence. 3 Daniell's Chy. Pr. 1727, and notes.

We fail to perceive any fraud practiced by William Rainey in obtaining the decree sought to be set aside. There is nothing shown which should vitiate and avoid the decree. It was in the power of plaintiff in error to make complete defense to that suit and have all her rights adjudicated. It was her own fault, this has not been done.

An act of the clerk in making up this record, requires noticing. It appears there is embodied in the transcript of the record before us, the argument of the defendants in error in support of the demurrer to this bill, filling nine pages, occupying pages 48 to page 56, both inclusive. There is no authority for this, and the same must be expunged from the transcript.

Seeing no error in the record, the decree is affirmed.

*Decree affirmed.*